UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CYNTHIA ANDREWS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 18-00315 (EGS) |
| KRISTI NOEM,[1] | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

On March 28, 2022, the Court granted summary judgment to Defendant on Plaintiff's employment discrimination claims except for certain aspects of the Rehabilitation Act claim. *See* Mem. Op. and Order, ECF No. 47 at 23 (finding "existence of a materially factual dispute surrounding the exhaustion of the workspace relocation claim"). The parties conferred on the surviving claim and filed on March 17, 2023, a joint status report and proposed briefing schedule to address Plaintiff's anticipated motion to reconsider. Status Report, ECF No. 59. On April 4, 2023, the Court adopted the parties' briefing schedule where Plaintiff was to file her reconsideration motion by May 16, 2023. But by November 1, 2023, the case had "once again . . . stalled." Min. Order (Nov. 1, 2023); *see id.* (recounting previous inactivity). Thus, Plaintiff was ordered to show by November 27, 2023, why the outstanding claim should not be dismissed and judgment entered for Defendant on the adjudicated claims. In a timely response, Plaintiff represented that her motion for reconsideration was "forthcoming." Resp. to Order to Show

---

[1] By substitution pursuant to Fed. R. Civ. P. 25(d).

Cause, ECF No. 60.  But no motion has been filed, and no other activity has occurred since November 2023.

District courts "have inherent power" to (1) "dismiss a case . . . for a plaintiff's failure to prosecute or otherwise comply with a court order," *Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 775 (D.C. Cir. 2012) (quoting *Peterson v. Archstone Cmties. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) (citing LCvR 83.23)), and (2) "manage their dockets . . . with a view toward the efficient and expedient resolution of cases," *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016).  "A lengthy period of inactivity may . . . be enough to justify dismissal under Rule 41(b)." *Smith-Bey v. Cripe*, 852 F.2d 592, 594 (D.C. Cir. 1988).  This inexcusably prolonged case ends now.  A separate order accompanies this Memorandum Opinion.

          SIGNED:    EMMET G. SULLIVAN
          UNITED STATES DISTRICT JUDGE

Date: September 10, 2025